No. 15-35683

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

TECHNICAL SECURITY INTEGRATION, INC., a Washington corporation,

Plaintiff-Appellee,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

Defendant-Appellant.
_____

On Appeal from the July 30, 2015 Opinion and Order of the U.S. District Court of Oregon, the Honorable Michael H. Simon, adopting the Findings and Recommendations of the Honorable U.S. Magistrate Judge Stacie F. Beckerman
Case No. 3:14-cv-01895-SB
_____

## ANSWERING BRIEF OF APPELLEE

## TECHNICAL SECURITY INTEGRATION, INC.
_____

Jonathan M. Radmacher, OSB #924314
Alison M. Milne, OSB #155212
MCEWEN GISVOLD LLP
1100 SW 6th Avenue, Suite 1600
Portland, OR 97204
Telephone: 503-226-7321
Facsimile: 503-243-2687
Email: jonathanr@mcewengisvold.com

  *Of Attorneys for Technical Security Integration, Inc.*

James C. Nielsen
Thomas H. Nienow
Nielsen, Haley & Abbott, LLP
100 Smith Ranch Road, Suite 350
San Rafael, California 94903
Telephone: 415-693-0900
Facsimile: 415-693-9674
Email: tnienow@nielsenhaley.com

*Of Attorneys for Philadelphia Indemnity Insurance Company*

## CORPORATE DISCLOSURE STATEMENT

Defendant-Appellee Technical Security Integration, Inc., a Washington corporation, is owned entirely by individuals, having no parent company; no publicly held company owns any of its stock.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......................................... iv
    Cases ................................................... iv
    Statutes ................................................ iv

STATEMENT OF THE ISSUES PRESENTED AND THE APPLICABLE
STANDARD OF APPELLATE REVIEW ............................... 1

SUMMARY OF MATERIAL FACTS ................................... 1

SUMMARY OF ARGUMENT ........................................ 2

ARGUMENT ..................................................... 3

CONCLUSION ................................................... 8

STATEMENT OF RELATED CASES ................................. 9

iv

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Am. Bankers Ins. Co. v. Inman,* 436 F.3d 490 (5th Cir. 2006) . . . . . . . . . . . . . . . . . 5

*Centurion Properties III, LLC v. Chicago Title Ins. Co.*, 793 F.3d 1087
(9th Cir. 2015), *certified question answered,* ___ P.3d ___ 2016 Wash.
LEXIS 826 (Wa. July 14, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*McKnight v. Chi. Title Ins. Co., Inc.,* 358 F.3d 854 (11th Cir. 2004)
(per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mut. Reinsurance Bureau v. Great Plains Mut. Ins. Co.,* 969 F.2d 931
(10th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Philadelphia Indemnity Ins. Co. v. Noteworld, LLC*, Case No. C12-5367-RBL,
2013 U.S. Dist. LEXIS 58304 (W.D. Wa. 2013) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1381 (9th Cir. 1997) . . . . . . . . . 6

*Saucedo v. John Hancock Life & Health Ins. Co.*, 796 F.3d 1016 (9th Cir. 2015),
*certified question answered,* 369 P.3d 150 (Wa. 2016) . . . . . . . . . . . . . . . . . . . 3

*Standard Sec. Life Ins. Co. v. West*, 267 F.3d 821 (8th Cir. 2001) (per curiam) . . . 5

*State Dep't of Transp. v. James River Ins. Co.*, 176 Wn.2d 390, 292 P.3d 118
(Wa. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5

McCarran-Ferguson Act, 15 U.S.C. § 1012 . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5

ORS 15.350 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ORS 15.360(3)(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

R.C.W. § 48.18.200(1)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RCW §48.18.200(1)(b) and (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1

# STATEMENT OF THE ISSUES PRESENTED AND THE APPLICABLE STANDARD OF APPELLATE REVIEW

Defendant's Statement of the Issues does not neutrally set forth the issues that were resolved in the District Court, and that are presented for this Court for review. Those issues are more appropriately set forth as follows:

1. Where an insurance policy is issued to a Washington corporation, to its President and agent in the State of Washington, having been negotiated in the State of Washington by the company and its insurance agent, also located in the State of Washington, does the law of the State of Washington govern the interpretation of that insurance policy, when the coverage dispute relates to a claim brought against the insured in the State of Oregon, related to conduct in the states of Oregon and Nevada, and the company does business in a variety of states throughout the United States?

2. Does Washington law, R.C.W. § 48.18.200(1)(b), as interpreted and applied by the Washington Supreme Court, involve the regulation of the business of insurance, such that the McCarran-Ferguson Act, 15 U.S.C. § 1012 precludes the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*?

## SUMMARY OF MATERIAL FACTS

TSI is a Washington corporation, incorporated in 2004, and of perpetual duration. [ER-126] Its President and Agent is Craig Swankosky, whose address is

in Lake Stevens, Washington. *Id.* On September 24, 2012, Defendant sent a letter to TSI in Snohomish, Washington, welcoming TSI as its insured. [ER-105] The Common Policy Declarations identified the insured, TSI, as well as the broker, "Insurance Tek, Inc.," as being located in Snohomish, Washington. [ER-108] Defendant's Declaration further declared that total premium owed by TSI for the one year of coverage was $46,731.96. [ER-108] TSI brought suit against a former employee in Oregon, and he brought counterclaims for, *inter alia,* defamation, which were tendered to Defendant through TSI's Washington insurance broker, Insurance Tek. [ER-111] Defendant denied the tender of defense and coverage. *Id.* After the former employee prevailed against TSI on the defamation claim and was awarded damages, TSI brought a claim against Defendant for payment of those damages, and for reimbursement of the reasonable costs and attorney fees incurred by TSI in defending itself against the covered defamation claims.

## SUMMARY OF ARGUMENT

TSI is incorporated and located in the State of Washington, and Defendant issued an insurance policy to TSI in the State of Washington, which policy covers TSI regardless of where TSI is conducting business and regardless of where TSI is sued for doing that business. The trial court correctly concluded that an insurance policy issued in Washington to a Washington resident should be interpreted under Washington law, not under the law of whatever state in which the insured may have been sued. Because Washington law applies to the interpretation of the

3

insurance policy, and because the State of Washington has precluded an insurer from requiring insureds to arbitrate coverage disputes, the trial court correctly denied Defendant's motion to have the dispute sent to binding arbitration.

## ARGUMENT

The State of Washington regulates the business insurance in its jurisdiction, and more particularly, the Supreme Court of Washington has unambiguously determined that Washington law precludes an insurer from requiring that an insured submit a coverage dispute to binding arbitration. While this Court sometimes will certify questions to the Supreme Court of the State of Washington, to ask that the court advise this Court as to the state of the law in Washington,[1] in the present case there would never be a need to ask the Washington Supreme Court to determine whether the State of Washington's regulation of insurers precluded an insurer from requiring that an insured arbitrate a coverage dispute, because the Supreme Court of State of Washington has answered that question as clearly and directly as possible, in *State Dep't of Transp. v. James River Ins. Co.*, 176 Wn.2d 390, 292 P.3d 118 (Wa. 2013). Appellant was well aware of the import of the Washington Supreme Court's decision in *James River*, because after the decision was issued, Philadelphia Indemnity Ins. Co. – Appellant – asked that

---

[1] *See, e.g.*, *Saucedo v. John Hancock Life & Health Ins. Co.*, 796 F.3d 1016 (9th Cir. 2015), *certified question answered,* 369 P.3d 150 (Wa. 2016) *and Centurion Properties III, LLC v. Chicago Title Ins. Co.*, 793 F.3d 1087 (9th Cir. 2015), *certified question answered,* ___ P.3d ___ 2016 Wash. LEXIS 826 (Wa. July 14, 2016)

4

Judge Leighton of the Western District of Washington to re-open a different case where Appellant and its insured had stipulated to submission of a dispute to arbitration; Judge Leighton denied Appellant's request:

> The *[James River]* decision therefore applies to an attempt by an insurer to impose arbitration on an unwilling insured. Here, the insured * * * willingly seeks to enforce the binding arbitration terms against the insurer, Philadelphia. Thus, Philadelphia cannot rely on *[James River]* to remove this case from arbitration.

*Philadelphia Indemnity Ins. Co. v. Noteworld, LLC*, Case No. C12-5367-RBL, 2013 U.S. Dist. LEXIS 58304 (W.D. Wa. 2013). In its briefing to this Court, Appellant takes the exact opposite position that it took in the *Noteworld* case, asserting that *James River* is not an accurate conclusion of law, and that in any event, Washington should not determine the proper interpretation of an insurance contract in a dispute between insurer and insured, when the insured is a Washington resident, the policy was issued to that Washington resident and its insurer broker in the State of Washington. Appellate is incorrect on all counts, and the decision of the trial court should be affirmed.

Although the FAA reflects a liberal federal policy favoring arbitration agreements, the McCarran-Ferguson Act presents what is, in this case, a competing and contrary policy which provides that where a state law regulates the business of insurance, that state law will pre-empt any contrary federal law. Here, Washington law is contrary to that policy and so the arbitration clause is invalid.

5

The Washington legislature has affirmatively acted to preclude an insurer from imposing binding arbitration provisions in insurance contracts:

> (1) No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement *** (b) depriving the courts of this state of the jurisdiction of action against the insurer ****.
>
> (2) Any such condition, stipulation, or agreement in violation of this selection shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

RCW §48.18.200(1)(b) and (2). In *James River,* the Washington Supreme Court determined that the statute <u>does</u> regulate the business of insurance, and <u>does</u> preclude an insurer from imposing biding arbitration on its insureds by contract; thus, pursuant to the McCarran-Ferguson Act, the FAA was not applicable to binding arbitration provision in Washington insurance policies, and Washington law voided any such arbitration provisions. *James River*, *supra*, 176 Wn.2d at 402. The court's holding is consistent with Washington Supreme Court precedent, "as well as the holdings of numerous courts in other jurisdictions." *Id.* & n.5 (citing, *inter alia, Am. Bankers Ins. Co. v. Inman,* 436 F.3d 490 (5th Cir. 2006); *Standard Sec. Life Ins. Co. v. West*, 267 F.3d 821 (8th Cir. 2001) (per curiam); *Mut. Reinsurance Bureau v. Great Plains Mut. Ins. Co.,* 969 F.2d 931

/ / /

/ / /

6

(10th Cir. 1992); *McKnight v. Chi. Title Ins. Co., Inc.,* 358 F.3d 854 (11th Cir. 2004) (per curiam)).[2]

Of course, the only reason this Court, like the trial court, should look to Washington law, is because the State of Washington clearly has the nexus of interests when evaluating how to interpret an insurance policy issued to a Washington resident. The relevant policies to look at in determining which state's law to apply are those set forth in ORS 15.350:

> (1) Identifying the states that have a relevant connection with the transaction or the parties, such as the place of negotiation, making, performance or subject matter of the contract, or the domicile, habitual residence or pertinent place of business of a party;
>
> (2) Identifying the policies underlying any apparently conflicting laws of these states that are relevant to the issue; and
>
> (3) Evaluating the relative strength and pertinence of these policies in:
>
>> (a) Meeting the needs and giving effect to the policies of the interstate and international systems; and
>>
>> (b) Facilitating the planning of transactions, protecting a party from undue imposition by another party, giving effect to justified expectations of the parties concerning which state's law applies to the issue and minimizing adverse effects on strong legal policies of other states.

---

[2] Appellant's reliance on *Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1381 (9th Cir. 1997), is inapposite, because the California law interpreted by the court in *Quackenbush* did not preclude an insurer from requiring arbitration provisions in its insurance policies.

In this case, Appellant doesn't present even a close question as to which law should apply. Oregon does not purport to regulate insurance policies issued to Washington residents in the state of Washington, just as California doesn't purport to regulate insurance policies issued to Washington residents in the State of Washington. What kind of mish-mash of laws and indefiniteness of contracts would arise if the meaning of an insurance policy issued in Washington to a Washington resident depended on where the insured's acts giving rise to liability arose, or depending on where the Washington resident was sued? Or to put it in terms used by the Oregon legislature in ORS 15.360(3)(a), should insurers and insureds understand and intend that insurance policies issued to a Washington resident in the State of Washington may have a different meaning, depending on whether the insured is sued in Washington, Oregon, California, or some other state? It would defy common sense, and defy the "justified expectations of the parties" if the meaning of the provisions of an insurance policy would or could change depending on which state it was that the insured was sued.

Factually, the trial court made specific conclusions about the interests of the State of Washington in having its law apply to this dispute, which were supported by the record and not seriously challenged on appeal:

1. Plaintiff's president and co-owner resides in Washington;
2. The insurance policy calls for arbitration in Snohomish County, Washington;

8

    3.    The insurance policy provides that Snohomish County's local rules of law as to arbitration procedure and evidence will apply;

    4.    Defendant's counsel acknowledged during oral argument that the situs of contract negotiations took place in Washington and California…not Oregon;

    5.    Defendant delivered the certificate of insurance in Washington;

    6.    Defendant never performed the contract in Oregon since it denied its duty to defend and indemnify Plaintiff against Tharp's counterclaims.

[ER-66]

More than any other state at issue, the State of Washington has an interest in having its laws and policies applied in disputes between its residents and insurance companies that issue insurance policies to Washington residents. Its legislature has set forth that strong policy preference by enacting a statute, and its Supreme Court has left no doubt with insurers that they cannot require Washington insureds to participate in binding arbitration. While Oregon does not have a similarly strong policy against arbitration in insurance disputes, at most Oregon has not spoken on the question of whether its insurers should be allowed to force insureds into binding arbitration.

## CONCLUSION

Defendant denied TSI's tender of counterclaims in 2013 [ER-111], sending a copy of the denial to the Washington insurance broker [ER-116]. More than three years, later, having long ago received the $46,000 in insurance premiums paid by TSI, Defendant continues to fight the clear dictates of Washington law, as

9

correctly articulated by the trial court in this case.  TSI requests that this Court affirm denial of Defendant's request to force this matter into arbitration, and award it the reasonable attorney fees and expenses incurred herein.

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, the undersigned certifies that the following are known related cases and appeals:  None.

DATED this 24th day of August, 2016.

        McEWEN GISVOLD LLP

        By  *s/ Jonathan M. Radmacher*
           Jonathan M. Radmacher, OSB No. 924314
           Alison M. Milne, OSB No. 155212
            Of Attorneys for Appellee

## CERTIFICATE OF COMPLIANCE

<u>Brief Length</u>

I hereby certify (1) this brief complies with the word-count limitation in Fed. R. App. P. 32(a)(7)(B). The word-count of this brief, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), is 2,111 words.

<u>Type Size</u>

I hereby certify that the size of the type in this brief is not smaller than 14 point for both the text of the brief and footnotes as required by Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).

Dated: August 24, 2016

MCEWEN GISVOLD LLP

By  *s/ Jonathan M. Radmacher*
    Jonathan M. Radmacher, OSB No. 924314
    Alison M. Milne, OSB No. 155212
        Of Attorneys for Appellee

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing ANSWERING BRIEF OF APPELLEE TECHNICAL SECURITY INTEGRATION, INC. on August 24, 2016, by e-filing the same with the United States Court of Appeals for the Ninth Circuit via the CM/ECF system.

I further certify that on August 24, 2016, I served the within ANSWERING BRIEF OF APPELLEE TECHNICAL SECURITY INTEGRATION, INC. on the parties listed below through the CM/ECF system:

    Thomas H. Nienow
    tnienow@nielsenhaley.com

      Attorney for Philadelphia Indemnity Insurance Company

                MCEWEN GISVOLD LLP

                By  *s/ Jonathan M. Radmacher*
                      Jonathan M. Radmacher, OSB No. 924314
                      Alison M. Milne, OSB No. 155212
                        Of Attorneys for Appellee